STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
May 7, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**VERONICA STONE, WIDOW OF
GARY L. STONE SR.,**
**Claimant Below, Petitioner**

**vs.)   No. 14-0744** (BOR Appeal No. 2049163)
                    (Claim No. 2012027849)

**RAMEY FORD LINCOLN PRINCETON,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Veronica Stone, widow of Gary L. Stone Sr., by Stephen P. New, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Ramey Ford Lincoln Princeton, by Lisa Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 30, 2014, in which the Board affirmed a January 27, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 11, 2012, decision denying Mrs. Stone's request for dependent's benefits related to her husband's death. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Stone worked as a salesman for Ramey Ford Lincoln Princeton. On February 20, 2012, Mr. Stone was discovered by a co-worker, Cheryl Belcher, on the ground in the parking-lot on the premises of Ramey Ford Lincoln Princeton. Ms. Belcher immediately obtained the assistance of Ronny McClanahan and Gary Blackburn, who helped Mr. Stone into the dealership where he was able to sit and rest. At the time, Mr. Stone was calm, but he appeared disoriented. Mr. Stone then complained that he was having trouble breathing and that he wanted to lie down.

1

An ambulance was eventually called. The emergency medical technicians who arrived on the scene performed cardiopulmonary resuscitation on Mr. Stone and unsuccessfully attempted to insert an esophageal tube. Mr. Stone was then taken to Princeton Community Hospital Emergency Room. At the time, he was unconscious, unresponsive, and reflected no heart activity. Michael R. Mills, D.O., pronounced him dead, and even though he believed his death was the result of cardiopulmonary arrest, recommended that Mr. Stone undergo an autopsy to determine the cause of death. Allen R. Mock, M.D., performed the autopsy and listed sudden death from hypertensive cardiovascular disease as the cause of Mr. Stone's death. Dr. Mock indicated that arthrosclerotic cardiovascular disease and morbid obesity also contributed to his death. A toxicology report was also done by James C. Kramer, Ph.D., and he found that Mr. Stone had a dangerous level of the anti-depressant Fluoxetine present in his blood. He also noted that the presence of the antihistamine Diphenhydramine could have added to the potential adverse effects of Fluoxetine.

Mrs. Stone filed an application for dependent's benefits based on her husband's death. Dr. Mock then issued an amended autopsy report finding that Mr. Stone's respiratory system was normal but that his heart was markedly enlarged and globoid. He repeated his initial autopsy findings that Mr. Stone suffered a cardiopulmonary incident contributed to by his morbid obesity and cardiovascular disease. He also noted that the toxicity of the medications Fluoxentine and Diphenhydramine could have contributed to his death. On May 11, 2012, the claims administrator denied Mrs. Stone's application for dependent's benefits. Following the denial, Lone Thanning, M.D., performed a review of Mr. Stone's records. He found that Mr. Stone's death was related to respiratory failure and asphyxia. He believed that the airway obstruction from Mr. Stone's fractured teeth and the improper esophageal intubation contributed to his death. Christopher Martin, M.D., also reviewed Mr. Stone's medical records and found that his death was not related to his work. Dr. Martin believed that Mr. Stone suffered a fatal heart attack related to cardiovascular disease. Several months later, Dr. Martin issued a supplemental report specifically disputing Dr. Thanning's suggestion that asphyxiation caused Mr. Stone's death. Dr. Martin found that Mr. Stone's ability to walk and communicate with his co-workers immediately prior to when the ambulance was called indicates that his death was not related to respiratory obstruction. On January 27, 2014, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on June 30, 2014, leading Mrs. Stone to appeal.

The Office of Judges concluded that Mr. Stone's death was not caused by or hastened in any way by a work-related injury or disease. It found that his death was unrelated to his work except that it occurred on the premises of Ramey Ford Lincoln Princeton. The Office of Judges determined that Mr. Stone passed away as a result of a cardiopulmonary incident and that the toxicity of excessive doses of Fluoxetine and Diphenhydramine may have contributed to his condition. It based this determination on the accounts of Mr. Stone's co-workers and on the records reviews of Dr. Martin. The Office of Judges found that Mr. Stone's death was not related to an occupational fall. The Office of Judges considered the report of Dr. Thanning, but it did not rely on his opinion. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mrs. Stone has not demonstrated that she is entitled to dependent's benefits based on her husband's death. The evidence in the record shows that Mr. Stone did not suffer an injury in the course of and resulting from his employment which caused his death. West Virginia Code § 23-4-10 (2005). The autopsy performed by Dr. Mock and the records review performed by Dr. Martin demonstrate that Mr. Stone's death was caused by a sudden cardiopulmonary incident. The opinions of Dr. Mock and Dr. Martin are sufficiently supported by the remainder of the evidence in the record, and the Office of Judges was justified in relying on them. The records review of Dr. Thanning is not sufficiently consistent with the remainder of the evidence in the record. The Office of Judges was within its discretion in disregarding his opinion.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 7, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II